UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL JORDAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:16-cv-00634-JMS-DML |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Michael Jordan for a writ of habeas corpus challenges a prison disciplinary proceeding, IYC 15-05-0163, in which he was found guilty of possession of a cellular phone. For the reasons explained in this entry, Mr. Jordan's habeas petition must be **denied.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On May 17, 2015, Sergeant Tomaw issued a Report of Conduct charging Mr. Jordan with possession of a cellular device in violation of Code A-121. Dkt. 7-1, p.1. The Report of Conduct states:

> On 5-16-15 at approx. 3:50 pm I Sgt D. Tomaw responded to a first responders call in Central N-Unit made by Officer A. Denbo. Once I arrived at the location Offender Jordan, Michael #200319 N-20U was already placed in mechanical restraints, and was being escorted out to HSU. I asked the officer what was the situation[.] Officer Denbo stated that he attempted to perform a pat search on Offender Jordan, as he was getting ready to perform the pat search right outside of N-20 cell door, Offender Jordan turned away and started to run. The officer also stated that the offender ran into the cell next to his in N-21 and shut the door behind him locking the door, and began to push to button to flush the toilet in the cell. The officer unlocked the door and opened the door and gave a verbal command to turn around and cuff up, which he complied with the order. I Sgt. Tomaw walked into N-21 cell to search the area [to] make sure no contraband was present. Once I began my search I noticed a light right in front of me underneath the chair. I reached down [and] grabbed the article which was [a] 1 Samsung Galaxy S-3 cell phone, I immediately placed the article in my left cargo pocket and finished the search only to find a cell phone charger. I then walked down to RSH where the offender was, to question him about the article found, the offender there stated to Sgt P. Rutan and I that it was his cellular device. The offender was then given a notice of confiscation which he signed for and was notified he would receive a conduct report for a 121-A.

Dkt. 7-1, p.1.

Two other officers submitted witness statements in support of the Conduct Report. Sergeant Rutan stated:

> On 5/16/2015 at approximately 4:45 pm, I asked offender Jordan, Michael DOC # 200319 out of N2-204 if the Samsung cell phone confiscated from Sergeant D Tomaw was his. Offender Jordan stated that it was his cell phone.

Dkt. 7-1, p. 4.

Officer Denbo stated:

> On 05/16/2015 at approximately 3:50 p.m. I, Officer A. Denbo attempted to conduct a pat search on two offenders in front of the door of Central N-20 cell door. As I started to pat search Offender Jordan, Michael #200319 N2-20U the offender began to mess with his gray sweat pants, the offender then turned an[d] took off running. The offender ran into N-21 cell and he then shut the door causing it to lock. I immediately called for First Responders via the radio. I, Officer Denbo unlocked and opened the door and ordered the offender to turn around and cuff up, he complied with my order. First Responders then arrived and escorted the offender to HSU for evaluation then to RSH.

Dkt. 7-1, p. 5.

On May 19, 2015, Mr. Jordan was notified of the charge of possession of a cell phone and served with the Report of Conduct and the Notice of Disciplinary Hearing ("Screening Report"). Dkt. 7-2. Mr. Jordan was notified of his rights, pled not guilty and requested the appointment of a lay advocate. *Id.* He requested no witnesses but requested video evidence. *Id.* The summary of the video states:

> On 5/20/2015 at approximately 2:00 pm I, DHO L. Glenn did review video for case IYC 15-05-0163 for an incident involving offender Jordan, Michael #200319. On the date of 05/16/2015 on camera CENTRAL N UNIT UPPER RANGE 1 at 3:49:35 pm Officer A. Denbo can be observed walking along the upper range of Central N unit towards cell 20. As Denbo approaches cell 20 an offender peaks out of the door and sees Officer Denbo then quickly turns around and goes back into the cell. Officer Denbo gets to cell 20 and opens the door and enters the cell. Officer Denbo then has the two offenders that are in the cell step out and one of the offenders can be positively identified as Jordan, Michael #200319. Officer Denbo then has both offenders turn around as he appears to be attempting to do a pat search on offender Jordan. Jordan keeps pulling his arms down and messing with the waist area of his shorts and turning around and facing officer Denbo as to keep him from doing a pat search of his person. Jordan then turns and runs down the upper range and enters cell 21 and shuts the door behind him. Officer Denbo pursues offender Jordan and calls for assistance via his radio. Denbo then opens the door to cell 21 and enters the cell. Shortly after Denbo enters the cell he can be seen escorting offender Jordan out of the cell in mechanical wrist restraints. First responders arrive and take offender Jordan out [of] Central N unit and Officer Denbo then begins talking to Sgt. Tomaw. Sgt. Tomaw then enters cell 21 and officer Denbo goes to cell 20. Shortly after

>entering cell 21 Sgt. Tomaw exits the cell with an object in his hand that resembles a cellular phone which he then secures in his pants cargo pocket.

Dkt. 7-3.

The hearing officer conducted a disciplinary hearing in ISF 15-05-0163 on June 2, 2015, and found Mr. Jordan guilty of the charge of possession of a cell phone. Dkt. 7-5. In making this determination, the hearing officer considered the conduct report, confiscation form, photo, offender's statements, witness statements, and video review. The hearing officer noted Mr. Jordan's statement, "I'm not guilty of the cell phone. I'm guilty of fleeing and resisting. I had a bag of weed on me. I ran to room 21 and flushed the weed down the toilet. I did not have a phone." Dkt. 7-5. The hearing officer imposed the following sanctions: 60 days in disciplinary segregation, a 120 day deprivation of earned credit time, and a demotion of credit class 2 to credit class 3. *Id.* The hearing officer imposed the sanctions because of the seriousness and nature of the offense and the likelihood of the sanctions having a corrective effect on his future behavior. *Id*.

Mr. Jordan's appeals were denied. This habeas action followed.

### III. Analysis

Mr. Jordan argues that his due process rights were violated during the disciplinary proceeding. He contends that the charge brought against him was false because no phone was found in his possession, property, or living assignment. He states that his appeal was denied by the Facility Head who wrote "The cell phone was found in your cell. That equals your possession." Petition, dkt 2, p. 3 citing dkt. 7-6. Mr. Jordan points out that the phone was found in Central N-21 and he lived in Central N-20.

Mr. Jordan's claim is treated as a challenge to the sufficiency of the evidence. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and

demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Even though the cell phone and charger were found in the cell Mr. Jordan ran to and not the cell he lived in, and the first level of appeal misstated that fact, the record still supports the hearing officer's conclusion that the cell phone and charger belonged to Mr. Jordan. Mr. Jordan admitted to such when he spoke to Sergeant Tomaw and Sergeant Rutan. Dkt. 7-1, pp. 1, 4. The witness statements, conduct report, and video summary are sufficient to satisfy the "some evidence" standard and to support the finding that Mr. Jordan was guilty of violating A–121.

Mr. Jordan was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Jordan's due process rights.

## IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Jordan's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/29/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

MICHAEL JORDAN
200319
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only